GLOBAL FIRE PROTECTION
COMPANY, Plaintiff,

v.

FEDERAL INSURANCE COMPANY
and Chubb Group of Insurance
Companies, Defendants.

No. 86 C 3129.

United States District Court,
N.D. Illinois, E.D.

Aug. 22, 1986.

George A. Hesik, Hinsdale, Ill., for plaintiff.

James M. Hoey, Clausen, Miller, Gorman, Caffrey & Witous, Chicago, Ill., for defendants.

MEMORANDUM ORDER

ASPEN, District Judge:

Global Fire Protection Company ("Global") brought this action against the Federal Insurance Company ("Federal") and the Chubb Insurance Companies ("Chubb") to recover on a claim made against an insurance policy issued by Federal, one of the Chubb insurance companies. Defendants

Federal and Chubb have filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) alleging that plaintiff Global is required by the terms of the insurance contract to submit to an appraisal procedure in the event the parties fail to agree as to the amount of the loss.

The defendants assert that the insurance contract contains the following appraisal clause:

> If the insured and the company fail to agree as to the amount of loss each shall, upon the written demand of either, select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraisal shall be made at a reasonable time and place. The appraisers shall first select a competent and disinterested umpire, then on request of the insured or the company, such umpire shall be selected by a judge of a court of record in the state in which the insured property is located. The appraisers shall then appraise the loss in accordance with the insurance conditions, stating separately the amount of loss, and failing to agree, shall submit their differences to the umpire.
>
> An award in writing of any two shall determine the amount of loss. The insured and the company shall each pay his or its chosen appraiser and shall bear equally the other expenses of the appraisal and umpire. The company shall not be held to have waived any of its rights by any acts relating to appraisal.

The plaintiff does not deny the existence of this clause and concedes that "[r]equiring the Plaintiff to engage in the appraisal procedure imposes little more than that which the Plaintiff has already done by procuring the audited financial information." In light of the plaintiff's concession, the parties appear to be willing to resolve this conflict through the appraisal process as set forth in their contract. We would like to encourage that type of resolution. Therefore, we will grant defendants' motion to dismiss this action without prejudice assuming, without deciding, that the appraisal process is a condition precedent to bringing an action on this insurance contract, with the stipulation that this action can be reinstated within one year of completion of the appraisal process. There does appear to be some disagreement concerning the plaintiff's choice of an independent appraiser. Rather than have this Court rule on the propriety of one appraiser over another, the parties should get together and resolve that issue.[1] This will avoid any possible problem concerning the statute of limitations on this action.[2] It is so ordered.

---

1. Should the parties be unable to select mutually-agreeable independent appraisers, this Court would be willing to make the choices for the parties or meet with the parties to negotiate mutually-acceptable choices.

2. Because we are resolving this matter in the above fashion, we do not address at this time all of the issues raised by the parties.